## TRASK v. CULL, Recr.

Ohio Appeals, Eighth Dist., Cuyahoga Co.

No. 8689. Decided January 16, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**1002. RECEIVERS.**
Receiver may not, without order of court, hire expert advisers and charge services against the estate. .

Bulkley, Hauxhuist, Jameson & Sharp, Cleveland, for Trask.

Day & Day, Cleveland, for Cull.

Error to Municipal Court.
Judgment affirmed.

## FULL TEXT

VICKERY, J.

This cause comes into this court on a petition in error to the Municipal Court of the City of Cleveland.

In the court below Trask brought an action to recover the sum of a thousand dollars for so-called advice that he gave to a Mr. Evers who was one of three receivers of The Representative Realty Company, the other two being Edgar Thomas and William A. Greenlund.

It seems that a lot of property in certain conditions was owned by the Realty Company, when they went into receivership. I do not now recall how many receivers had been appointed in these various cases, or how much litigation, or how many lawyers have been engaged in these cases, but a good many, I know. It finally got down so that ex-Judge Dan Cull became the sole receiver, and the action was brought by Trask to recover a judgment against him, he having refused to pay the claim.

The evidence shows, as already stated, that Evers, one of the receivers, employed Trask, probably in good faith, and undoubtedly Trask gave advice. The agreed statement of facts shows that it was worth a thousand dollars. There is nothing in the record to show that any one acted on his advice or that it resulted in any advantage to the estate. The record does show, however, that he was not employed by the three receivers, nor was he employed with the authority of the court, and according to the evidence, so far as it appears, he did not do anything more than exercise the judgment which the receivers were called upon to exercise.

If they wanted to have the advice of somebody as to how to perform their duties, as to just the best way to sell a lot, or something of that kind, if they got the services of a person that were worth anything to them, it has reduced their liability to perform the same service. If anybody should be called upon to pay such a bill, it should be the receivers who got the expert's advice as to how best to perform their duties, especially when that expert advice was not ordered by the court.

As I understand this record, the court appointed receivers, several of them, and lawyers to advise the receivers, several of them, and just where the authority comes to go outside and hire expert financiers to give advice as to how the receivers had best perform the duties which the law casts upon them, I do not know. None has been shown us and I do not think any can be shown.

That being the condition of this record and the condition of the law, the court was right in finding for the defendant and hence committed no error, and we think the judgment thereon ought to be affirmed.

(Sullivan, PJ., and Levine, J., concur.)

---

(Continued from Page 113)

**301. CONTRIBUTORY NEGLIGENCE.**
Matis v. Woodruff, OA. 6 Abs. 118.

**362a. DECEDENT'S ESTATES.**
See 1271. Wills and Legacies. Barron v. McCann, OA. 6 Abs. 127.

**367. DEEDS.**
Sommer, Guard. v. Wade, OA. 6 Abs. 118.

**539. FIXTURES.**
Whitaker-Glessner Co. v. Ohio Sav. Bk. & Tr. Co., US. 6 Abs. 124.

**615. HUSBAND AND WIFE.**
Sommer, Guard. v. Wade, OA. 6 Abs. 118.

**639. INJUNCTION.**
See 681. Jurisdiction. State ex McDiarmid et v. Eastman et, OS. 6 Abs. 126.

**645a. INSOLVENCY COURT.**
See 681. Jurisdiction. State ex McDiarmid et v. Eastman et, OS. 6 Abs. 126.

**661. INTOXICATING LIQUOR.**
Rose v. State, OA. 6 Abs. 115.
Vassos v. State, OA. 6 Abs. 115.

**677. JUDGMENTS AND DECREES.**
See 727. Lis Pendens. Casaro v. Humphrey, OA. 6 Abs. 114.

**681. JURISDICTION.**
State ex McDiarmid et v. Eastman et, OS. 6 Abs. 126.

**719. LIENS.**
See 787. Mortgages. Hattendorf v. Chlopek, OA. 6 Abs. 116.

**719. LIENS.**
See 727. Lis Pendens. Casaro v. Humphrey, OA. 6 Abs. 114.

**727. LIS PENDENS.**
Casaro v. Humphrey, OA. 6 Abs. 114.

**787. MORTGAGES.**
Hattendorf v. Chlopek, OA. 6 Abs. 116.

**787. MORTGAGES.**
Whitaker-Glessner Co. v. Ohio Sav. Bk. & Tr. Co., US. 6 Abs. 125.